IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
CURMILLER HAYES #M10616,            )
                                    )
            Petitioner,              )
                                    )
    v.                              )   No.  13 C 2278
                                    )
ALLAN MARTIN, Warden,                )
                                    )
            Respondent.              )

MEMORANDUM OPINION AND ORDER

Counsel for Curmiller Hayes ("Hayes") has just filed a Petition for Writ of Habeas Corpus ("Petition") on Hayes' behalf, pursuant to 28 U.S.C. §2254,[1] to challenge Hayes' conviction on a charge of aggravated battery with a firearm on which he is now serving a 10-year sentence. That is the only charge on which Hayes was convicted, with the jury having found him not guilty of charges of attempt murder and aggravated battery of John Wilson ("Wilson") and not guilty of the attempt murder of John Morrissette ("Morrissette," who was the asserted victim of the aggravated battery involved in the guilty verdict).

Hayes' appeal to the Illinois Appellate Court for the First District was unsuccessful (the opinion on appeal is reported at

---

[1] Hayes' counsel has mysteriously (and quite mistakenly) asserted that the Petition has been brought "pursuant to 28 U.S.C. §1746," although that statute has nothing at all to do with habeas corpus.

2011 IL App. (1st) 100127, 961 N.E.2d 311 (1st Dist. 2011)),[2] after which the Illinois Supreme Court denied leave to appeal on March 28, 2012. No effort was made by Hayes to seek certiorari, nor has he sought collateral review in the state court system. Finally, the legal ground that Hayes advances in the current Petition was presented to and decided by the Illinois Appellate Court, so that there is no procedural impediment to this Court's consideration of the Petition's merits.

Hayes' sole predicate for invoking federal habeas relief is the asserted constitutional inadequacy of representation by his trial counsel in failing to urge, as the basis for presenting evidence that victim Morrissette had previously been arrested for pulling a gun on Wilson at the same club where Morrissette worked as a bouncer and where the offense of conviction occurred, that the arrest evidenced Morrissette's violent nature--a ground recognized in People v. Lynch, 104 Ill.2d 194, 470 N.E.2d 1018 (1984) as applicable where a criminal defendant claims self-defense (as Hayes did at his trial). Hayes' counsel had instead argued for admission of that same evidence--which it will be noted was of the arrest, not a conviction, of Morrissette--as demonstrating bias on Wilson's part so as to challenge the credibility of his trial testimony. But that argument was not

---

[2] Further citations to that opinion will refer only to the N.E.2d reporter.

persuasive to the trial judge, and so the arrest was not admitted into evidence.

According to Hayes' counsel, trial counsel's failure to advance the Lynch-based argument ran afoul of the seminal decision in Strickland v. Washington, 466 U.S. 668 (1984), so as to meet the standard for habeas relief set out in Section 2254(d)(1). But this Court's threshold review of the Petition in light of the Illinois Appellate Court's treatment of the matter, a review called for by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Section 2254 Rules"), demonstrates the groundlessness of the Petition--not only did the Appellate Court correctly cite to Strickland, but its analysis on that score was unimpeachable.

This Court apologizes for the following lengthy quotation from the Appellate Court's opinion (961 N.E.2d at 321-22), but there is really no better way to demonstrate the thoughtful treatment of the issue by that court. Here is the relevant portion of the Appellate Court opinion (note particularly the evaluation in the last paragraph):

> Lynch held that when the defendant raises self-defense as a theory in the case, evidence showing the victim's aggressive and violent character is relevant to support the defendant's version of the facts when conflicting accounts of the occurrence exist. Lynch, 104 Ill.2d at 200, 83 Ill.Dec. 598, 470 N.E.2d 1018. Although convictions for violent crimes are reasonably reliable evidence of violent character, mere evidence of a victim's arrest is generally not sufficient "since it does not indicate whether the victim actually performed

3

any of the acts charged." People v. Ellis, 187 Ill.App.3d 295, 301, 134 Ill.Dec. 913, 543 N.E.2d 196 (1989); Lynch, 104 Ill.2d at 201, 83 Ill.Dec. 598, 470 N.E.2d 1018. However, a prior altercation or arrest without a conviction can sufficiently prove violent character if it is supported by firsthand testimony as to the victim's behavior. People v. Cook, 352 Ill.App.3d 108, 128, 287 Ill.Dec. 235, 815 N.E.2d 879 (2004).

Here, the evidence of Morrissette's arrest may have been sufficient because Wilson was on the stand testifying firsthand as to the incident. However, counsel's theory of the case was that all of the State's witnesses had lied and therefore their testimony that Hayes was the aggressor in the shooting lacks reliability. If counsel wanted to admit this evidence to show Morrissette's violent character, he would have had the unenviable task of arguing to the jury on one hand that Wilson is a liar, but when it comes to the circumstances surrounding Morrissette's arrest, he is telling the truth. Instead, counsel decided to present the evidence under a rationale that was consistent with his theory of the case. This court will not second-guess counsel's exercise of judgment and trial strategy.

Furthermore, the jury had before it even more persuasive evidence of Morrissette's violent character. Morrissette himself testified that he had a 2006 conviction for burglary and a 2008 conviction for aggravated unlawful use of a weapon. See Cook, 352 Ill.App.3d at 128, 287 Ill.Dec. 235, 815 N.E.2d 879 (a conviction, as opposed to an arrest, is "persuasive proof" that the victim committed the violent crime). He admitted that he kept a gun in the DJ booth and he did not hesitate to shoot at Hayes even though he was not supposed to handle or possess a weapon. The evidence of Morrissette's arrest to show his violent character is merely cumulative of that already presented to the jury, and thus, Hayes was not prejudiced by the failure of counsel to present Wilson's testimony. People v. Whiting, 365 Ill.App.3d 402, 415, 302 Ill.Dec. 510, 849 N.E.2d 125 (2006) (Gilleran Johnson, J., dissenting). Since Hayes cannot satisfy the prejudice prong of Strickland, his ineffective assistance claim cannot stand.

4

In light of the <u>Strickland</u> standards and the Appellate Court's handling of the matter, it simply cannot be said that its adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" (Section 2254(d)(1)).

In sum, "it plainly appears from the Petition and any attached exhibits that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That being so, the same Rule 4 mandates dismissal of the Petition, and this Court so orders.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: April 3, 2013

---

[3] In addition to seeking habeas relief, Hayes' counsel has asked that Hayes be permitted to proceed without payment of costs or fees. That motion is denied, because the total fee payable for filing a federal habeas petition that challenges a state court conviction or sentence is the modest sum of $5. Hayes' counsel is ordered to remit that amount to the Clerk of this District Court forthwith. Other procedural aspects of relief that have been requested by Hayes' counsel are denied as moot.