IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
CURMILLER HAYES #M10616,        )
                                )
          Petitioner,           )
                                )
     v.                         )     No.  13 C 2278
                                )
ALLAN MARTIN, Warden,           )
                                )
          Respondent.           )

MEMORANDUM ORDER

On April 30, 2013 Curmiller Hayes ("Hayes"), represented by

the Office of the State Appellate Defender, filed a notice of

appeal from this Court's April 3 memorandum opinion and order

("Opinion") that had dismissed Hayes' Petition for Writ of Habeas

Corpus ("Petition").  But Hayes' counsel failed to deliver to

this Court's chambers, as mandated by this District Court's LR

5.2(f), the judge's paper copy of either Hayes' notice of appeal

or his In Forma Pauperis Application ("Application")(this Court

learned of those filings only when the Court of Appeals inquired

as to the issuance of a certificate of appealability--an

inadvertent omission from the Opinion).[1]  This Court has promptly

_____

[1]  Most frequently violations of LR 5.2(f) occur when, as is
so often the case, a prisoner acts pro se either in seeking
habeas relief or in invoking 28 U.S.C. §1983, and the prisoner
submits only the original documents without including any copies.
Unfortunately neither the District Court's Clerk's Office nor the
staff attorneys who deal with most prisoner litigation has or
have established a protocol that calls for their automatic
compliance with LR 5.2(f) as to all of the filed documents under
those circumstances.

caused copies of the Application and its accompanying printout of transactions in Hayes' trust account at Shawnee Correctional Center, where he is in custody, to be printed out for its use.

What those documents reveal is that they are the selfsame Application and trust fund account printout that were tendered at the time of the original March 26 filing of the Petition in this District Court (Hayes' counsel was unaware that the filing fee for a habeas petition in the District Court is only $5, so that the Application was needless and was naturally denied). As counsel has to know, that refiling won't do the job, for 28 U.S.C. §1915(a)(2) requires that the trust fund account statement cover "the 6-month period immediately preceding the filing of the complaint or notice of appeal," which in this instance means the period from October 30, 2012 to April 30, 2013.

Accordingly Hayes' counsel is ordered to obtain and to deliver to this Court's chambers forthwith a printout for the proper time frame, so that this Court can make the calculation called for by Section 1915(b)(1). And that may also call for resolution of the tension that exists between Section 1915(a)(3) and other portions of Section 1915 (see this Court's unpublished April 26, 2013 memorandum order in Syler v. County of Will,

12 C 1408 (USCA No. 13-1593)).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 9, 2013