IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
CURMILLER HAYES #M10616,           )
                                   )
            Petitioner,            )
                                   )
     v.                            )     No.  13 C 2278
                                   )     (USCA No. 13-1967)
ALLAN MARTIN, Warden,              )
                                   )
            Respondent.            )

MEMORANDUM ORDER

Because this Court had been given to understand that the appeal by habeas petitioner Curmiller Hayes ("Hayes") had been dismissed voluntarily, it issued a brief May 24, 2013 minute order that denied as moot Hayes' motion to proceed on appeal in forma pauperis ("IFP"). That information has proved to be only partially accurate, because it turns out that Hayes had in fact filed two notices of appeal and only one of them had been dismissed voluntarily, so that his motion to proceed IFP should still be addressed by this Court.

This Court's April 3, 2013 memorandum opinion and order and its May 6, 2013 denial of a certificate of appealability ("COA") reflect this Court's rejection of Hayes' Petition for Writ of Habeas Corpus ("Petition") on the substantive basis that the Illinois Appellate Court's decision in his case had carefully--and squarely-- demonstrated the groundlessness of Hayes' Petition. After careful analysis, this Court held that any ineffective assistance of counsel claim that Hayes could

advance via his Petition could not satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984).

When this Court initially addressed Hayes' In Forma Pauperis Application ("Application") in conjunction with his appeal, it issued a May 9 memorandum order that noted:

    1. the failure of Hayes' counsel to update an earlier printout of transactions in Hayes' trust account at Shawnee Correctional Center ("Shawnee") to cover the relevant six-month period immediately preceding the filing of the notice of appeal (the printout that had been furnished with the Application was the selfsame one that had been tendered at the time Hayes' Petition had originally been filed in this District Court, when counsel was unaware of the minimal $5 filing fee required at this level) and

    2. as this Court had observed in connection with its earlier consideration of other habeas cases at the appellate level, the seemingly mixed signals that are conveyed by 28 U.S.C. §1915(a)(3)[1] on the one hand and, on the other, the curious portions of Section 1915 that call for the payment of the full appellate filing and docketing fees in installments.

Now, however, this Court has found it necessary to take a

---

[1] Further citations to 28 U.S.C. §1915 will take the form "Section --," omitting the prefatory 28 U.S.C.

2

fresh look a the latter subject in connection with Hayes' Amended Motion To Proceed In Forma Pauperis, which has been accompanied by an updated Application and an updated printout of Hayes' trust fund account at Shawnee. This Court's further research in that respect has brought to the fore the per curiam opinion in <u>Moran v. Sondalle</u>, 218 F.3d 647, 650 (7th Cir. 2000), which succinctly stated two propositions that control the current situation:

> <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir.2000), holds that an appeal in a frivolous suit cannot be "in good faith" under §1915(a)(3), because "good faith" must be viewed objectively. Because the district judges believed all five suits to be frivolous, all five appeals should have been certified as not in good faith, and prepayment of all appellate fees should have been required.
>
> \*         \*         \*
>
> <u>Walker</u> [v. O'Brien, 216 F.3d 626, 633-37 (and particularly 636-37)(7th Cir. 2000)], issued contemporaneously with this opinion, holds that state prisoners who desire to protest actions by prison administrators, and who are entitled to collateral review (an important qualification), must meet conditions laid down by §2254. Part III of <u>Walker</u> holds that no petition for a writ of habeas corpus is a "civil action" for purposes of §1915(b), overruling Part III of <u>Newlin</u>. The fee-collection mechanism of the PLRA therefore does not apply to any of these cases.

As this Court's substantive decision (including its quotation of the on-all-fours language from the Illinois Appellate Court) and its denial of a COA reflect, it has determined that Hayes' appeal does not satisfy the objective good faith requirement as spelled out in <u>Lee v. Clinton</u>. In addition,

3

Moran v. Sondalle confirms that the "fee-collection mechanism of the PLRA [Section 1915] therefore does not apply" here. Consequently the Moran case requires Hayes' prepayment of all appellate fees.

In sum, Hayes' Amended Motion To Proceed In Forma Pauperis is denied, and he is obligated to pay the $455 in filing and docketing fees on appeal. As this Court has earlier noted in its short ruling denying issuance of a COA, Hayes may of course tender the issues dealt with here to the Court of Appeals for its consideration.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 12, 2013